```
                                 UNITED STATES DISTRICT COURT
                                 SOUTHERN DISTRICT OF FLORIDA

                                 CASE NO. 09-22655-Cv-MORENO
                                         (07-20745-Cr-MORENO)
                                 MAGISTRATE JUDGE P. A. WHITE
LOHANA MELISSA MALDONADO DIAZ,   :

         Movant,                 :         REPORT OF
                                           MAGISTRATE JUDGE
v.                               :

UNITED STATES OF AMERICA,        :

         Respondent.             :
_____
```

## Introduction

This matter is before the Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking her conviction and sentence for conspiracy with intent to distribute one kilogram or more of heroin and attempt to posses with intent to distribute one kilogram or more of heroin, entered following a guilty plea in 07-20745-Cr-Moreno.

The Court has reviewed the motion (Cv-DE#1), the government's response (Cv-DE#6), the Presentence Investigation Report (PSI) and all pertinent portions of the underlying criminal file.

Construing the movant's arguments liberally as afforded pro se litigants pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant appears to raise the following claims:

1.  The movant was denied effective assistance of counsel when her lawyer failed to file a Rule 35 motion or a motion pursuant to U.S.S.G. §5K1.1.(Cv-DE#1:14).

1

    2.    The movant was denied effective assistance of counsel when her lawyer failed to advise her of her appellate rights. (Cv-DE#1:4).

## Procedural History

The procedural history of the underlying criminal case reveals that on September 14, 2007, the federal grand jury returned an Indictment charging the movant with conspiracy with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §846 (Count One) and attempt to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §846 (Count Three). (Cr-DE#7).

On November 6, 2007, the movant, without a plea agreement, pleaded guilty as charged. (Cr-DE#23).

Prior to sentencing, a PSI was prepared wherein the probation officer determined because the movant was accountable for 5.97 kilograms of heroin, her base offense level was 34. (PSI¶19). However, because the movant met the safety valve requirements set forth in subdivisions (1)-(5) of U.S.S.G. §5C1.2(a), her base offense was reduced by two levels. (PSI¶20). Moreover, because she clearly demonstrated acceptance of responsibility for her offense, three levels were reduced from her base offense. (PSI¶¶26-27). The movant's total offense level was set at 29. (PSI¶28). The probation officer further determined the movant had zero criminal history points and a criminal history category of I. (PSI¶31). Based on a total offense level of 29 and a criminal history category of I, the guideline imprisonment range was 87 to 108 months. (PSI¶62).

On January 18, 2008, the movant appeared for sentencing

wherein the district court sentenced her to 60 months imprisonment as to Counts One and Three, to run concurrently, followed by 5 years of supervised release and $200 special assessment. (Cr-DE#35). The Clerk entered judgment on January 28, 2008. (Cr-DE#39). No direct appeal ensued. The judgment of conviction in the underlying criminal case became final at the latest on February 11, 2008, ten days after the entry of judgment (Cr-DE#39), when time expired for filing a notice of appeal.[1] At the latest, the movant was required to file this motion to vacate within one year from the time the judgement became final, or no later than February 11, 2009. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). The movant signed and executed this motion to vacate on September 02, 2009. (Cv-DE#1). The motion is untimely.

## Timeliness

As the government correctly concluded, the movant's motion to vacate filed on September 02, 2009 is time-barred. Pursuant to 28 U.S.C. §2255, as amended April 24, 1996, a one year period of limitations applies to a motion under the section.  The one year period runs from the latest of:

> (1) The date on which the judgment became final by the conclusion of direct review

---

[1] Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999).  The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered.  Fed.R.App.P. 4(b)(1)(A)(I).  The judgment is "entered" when it is entered on the docket by the Clerk of Court.  Fed. R. App. P. 4(b)(6).

On December 1, 2002, Fed.R.App.P. 26; which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days.

>       or the expiration of the time for seeking such review;
>
> (2)   The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3)   The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

The Eleventh Circuit has held that the limitations period may be equitably tolled when a movant's timely filing of a motion to vacate is impeded by extraordinary circumstances beyond her control and unavoidable even with due diligence. See Helton v. Sec'y for Dep't. Of Corrs., 259 F.3d 1310, 1312 (11th Cir. 2001)(state that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, ___ U.S. ___, 122 S.Ct. 1965

(2002); Sandvik v. United States, 177 F.3d 1269, 1270 (11th Cir. 1999). The movant has not demonstrated extraordinary circumstances beyond her control.

The onus is on the movant to show that she is entitled to this extraordinary relief. Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007). To discharge her burden, she must demonstrate: "(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way and prevented timely filing." Lawrence v. Florida, 127 S.Ct. 1085 (2007) (quotation marks and citation omitted); Johnson v. Florida Department Of Corrections, 513 F.3d 1328, 1333 (11th Cir. 2008); Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)); Johnson, 340 F.3d at 1226. The court will not relieve a petitioner who has sat upon her rights. United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402-03 (5th Cir. 1999)). In this case, the movant has not demonstrated extraordinary circumstances beyond her control.

The operative date for limitations purposes is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2255. Review of the record reveals that the movant was aware or should have been aware of the factual predicate of the claims raised in this petition, as early as the time sentence was imposed. See Flanagan v. Johnson, 154 F.3d 196, 198-99 (5th Cir. 1998). See also Worthen v. Kaiser, 952 F.2d 1266, 1268-68 (10th Cir. 1992)(holding that petitioner's failure to discover the legal significance of the operative facts does not constitute cause). The limitations period begins to run when the movant knows, or through due diligence, could have discovered, the important facts for her

claims, not when the movant recognizes the facts' legal significance. Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000).

Moreover, tolling would not be appropriate in circumstances such as those present in this case where the petitioner was not diligent in pursuing her claims. See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618- 19 (3d Cir. 1998)(holding that equitable tolling applies only where prisoner has diligently pursued his claim, but has in some "extraordinary way" been prevented from asserting his rights). See also Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)(holding that principles of equitable tolling do not extend to what is best a garden variety claim of excusable neglect); Fisher v. Johnson, 174 F.3d 710 (5 Cir. 1999)(noting that "equity is not intended for those who sleep on their rights"). The movant has not acted diligently in presenting the challenges to her convictions now raised.

Moreover, the movant is not entitled to equitable tolling because she is an unskilled layperson with a limited educational background who is unfamiliar with the law. Mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period. See Felder v. Johnson, 204 F.3d 168, 172-73 & n. 10 (5th Cir. 2000)(citing cases), cert. denied, 531 U.S. 1035 (2000)(holding that ignorance of law and pro se status are insufficient to toll statute of limitations); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999); United States v. Flores, 981 F.2d 231, 236 (5th Cir.1993)(holding pro se status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.

1986)(illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)(holding equitable tolling of limitations period within the Age Discrimination in Employment Act was not warranted by plaintiff's unfamiliarity with legal process, his lack of representation, or his ignorance of his legal rights).

With the passage of the Antiterrorism and Effective Death Penalty Act, litigants must be attentive to the time limitations for filing a motion to vacate, and make diligent efforts to file the motion within one year from the time their convictions become final. United States v. Trenkler, 268 F.3d 16, 24-27 (1st Cir. 2001); United States v. Prescott, 221 F.3d 686, 687-689 (4th Cir. 2000)(pending motion for new trial after finality of direct review does not toll AEDPA's statute of limitations); O'Connor v. United States, 133 F.3d 548 (7th Cir. 1998); Johnson v. United States, 246 F.3d 655 (6th Cir. 2001); United States v. Norris, 2000 WL 521482 (DC Cir. 2000); United States v. Chambers, 126 F.Supp.2d 1052 (E.D. Michigan 2000). The filing of this motion to vacate over one year after her judgment became final is untimely. The movant has not shown that extraordinary circumstances beyond her control precluded her from timely filing this motion to vacate. Notwithstanding, the claims presented herein will be addressed on the merits, infra.

### Discussion of Claims

As will be demonstrated in more detail infra, the movant is not entitled to vacatur on any of the claims presented.[2] When

---

[2] Briefly, the evidence against the movant was more than sufficient to support her conviction. The movant has not shown that the result of the underlying criminal proceedings would have been affected had counsel proceeded differently. In other words, no deficient performance or prejudice pursuant to Strickland has been established arising from any of the claims raised in this collateral proceedings, nor has a denial of due process been demonstrated. To the contrary, it is clear after independent review of the record that the

viewing the evidence in this case in its entirety, the alleged errors raised in this collateral proceeding, neither individually nor cumulatively, infused the proceedings with unfairness as to deny the petitioner a fundamentally fair trial and due process of law. The movant therefore is not entitled to habeas corpus relief. See Fuller v. Roe, 182 F.3d 699, 704 (9th Cir. 1999)(holding in federal habeas corpus proceeding that where there is no single constitutional error existing, nothing can accumulate to the level of a constitutional violation), overruled on other grounds, Slack v. McDaniel, 529 U.S. 473, 482 (2000). See also United States v. Rivera, 900 F.2d 1462, 1470 (10th Cir. 1990)(stating that "a cumulative-error analysis aggregates only actual errors to determine their cumulative effect."). Contrary to the movant's apparent assertions, the result of the proceedings were not fundamentally unfair or unreliable. See Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

Specifically, the movant challenges counsel's effectiveness. Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1994), which is not a favorable standard to the movant. See Massaro v. United States, 538 U.S. 500, 505 (2003). To prevail on a claim of ineffective assistance, a movant must demonstrate both that (1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defendant. Chandler v. United States, 218 F.3d 1305, 1312-13 (11th Cir. 2000)(*en banc*), cert. denied, 531 U.S. 1204 (2001) ; Strickland v. Washington, 466 U.S.

---

movant received a fair trial, and that no constitutional violations occurred. Consequently, she has failed to demonstrate that she is entitled to habeas corpus relief in this collateral proceeding.

668 (1984). Moreover, a habeas court's review of a claim under the Strickland standard is "doubly deferential." Knowles v. Mirzayance, ___ U.S. ___, 129 S.Ct. 1411, 1418, 173 L.Ed.2d 251 (2009). In deciding whether counsel's performance was deficient, judicial scrutiny is "highly deferential" and requires us to "'indulge [the] strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (quoting Strickland v. Washington, 466 U.S. at 689-90.

When assessing a lawyer's performance, "[C]ourts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000)(en banc), cert. denied, 531 U.S. 1204 (2001). The court's role in reviewing ineffective assistance of counsel claims is not to "grade a lawyer's performance; instead, [the court] determine[s] only whether a lawyer's performance was within "the wide range of professionally competent assistance." Van Poyck v. Florida Dept. of Corrections, 290 F.3d 1318, 1322 (11th Cir.), cert. denied, 537 U.S. 812 (2002), quoting, Strickland v. Washington, 466 U.S. 668, 690. Review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 (11th Cir. 1992)("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992). A claim of ineffective assistance is a mixed question of law and fact. Strickland, 466 U.S. at 698.

The Eleventh Circuit will not "second-guess counsel's

9

strategy." Chandler, 218 F.3d at 1314, n.14. Strategic choices, even those "made after less than complete investigation," are evaluated for their reasonableness and "counsel's reliance on particular lines of defense to the exclusion of others--whether or not he investigated those other defenses--is a matter of strategy and is not ineffective unless the petitioner can prove the chosen course, in itself, was unreasonable." Chandler, 218 F.3d at 1318 (quoting Strickland, 466 U.S. at 690-91).

The courts "are not interested in grading lawyers' performances;" but rather, "are interested in whether the adversarial process at trial . . . worked adequately." Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)(quotation marks omitted). To be unreasonable, the performance must be such that "no competent counsel would have taken the action that [the petitioner's] counsel did take." Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001)(emphasis omitted). In other words, "[e]ven if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so." Rogers v. Zant, 13 F.3d at 386.

Under the second prong of the test set forth in Strickland, the movant can be said to have been prejudiced by counsel's performance only if there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Rather, the movant must demonstrate that "there is a reasonable probability that, absent [counsel's] errors, the jury would have had a reasonable doubt regarding [his] guilt." Blackburn v. Foltz, 828 F.2d 1177, 1186 (6th Cir. 1987), cert. den'd, 485

10

U.S. 970 (1988), see also, Montgomery v. Petersen, 846 F.2d 407, 416 (7th Cir. 1988).

In **claim one**, the movant asserts she was denied effective assistance of counsel when her lawyer failed to file a Rule 35 motion or a motion pursuant to U.S.S.G. §5K1.1. (Cv-DE#1:14).

Rule 35 of the Federal Rules of Criminal Procedure provides that a motion to reduce based on substantial assistance to the government may only be made by motion of the government. Likewise, U.S.S.G. §5K1.1 states "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

The government has a considerable amount of discretion regarding this decision, and the Eleventh Circuit has held that the government's determination of "substantial assistance" is encompassed within the zone of prosecutorial discretion and subject to review only upon a showing of a constitutionally impermissible motive or the breach of an express agreement to file a motion. United States v. Gonslaves, 121 F .3d 1416, 1419 (11th Cir.1997); United States v. Forney, 9 F.3d 1492, 1502 (11th Cir.1993)(citing Wade v. United States, 504 U.S. 181 (1992)).

In Wade, supra, the Supreme Court held that "federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive."[3] Wade,

---

[3] A prosecutor's refusal to file a substantial-assistance motion would be unconstitutional if, for example, the refusal was based upon the defendant's race or religion. Id.

504 U.S. at 185-86. The Court emphasized that "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or to an evidentiary hearing. Nor would additional but generalized allegations of improper motive." Id. Here, the movant has neither alleged nor shown that the government's failure to file the substantial assistance motion is based on a constitutionally impermissible motive, or that any alleged refusal by the prosecutor to move for a downward departure was not rationally related to any legitimate Government end. Moreover, the movant cannot establish deficient performance or prejudice arising from counsel's failure to assist her in obtaining a Rule 35 or 5K1.1 motion, as this avenue is only available for the government to raise. Thus, the movant is entitled to no relief on this claim.

In **claim two**, the movant asserts she was denied effective assistance of counsel when her lawyer failed to advise her of her appellate rights. (Cv-DE#1:4). Despite the movant's allegations, this claim is without merit. Prior to the conclusion of her sentencing hearing, the district court judge specifically inquired as to whether the movant wanted to appeal her sentence and afforded her an opportunity to consult with counsel. (See Sent. Trans.:61).[4] The colloquy reveals:

> THE COURT: [D]o you want to appeal this sentence that I gave you below the guidelines?

---

[4] The sentencing transcript of the underlying criminal proceeding was provided by the government as an attachment to its response to the movant's motion to vacate. However, the transcript has not been made part of the docket. In the interest of judicial economy, the claim is addressed using the reference "Sent.Tran.," followed by a page number to indicate where the information is found. Notwithstanding, under separate cover, the undersigned has issued an Order directing the Clerk to add the sentencing transcript referenced herein to the case.

>    MR. NATALE: No. I just think you need to advise her of that.
>
>    THE COURT: That's what I'm doing.
>
>    MR. NATALE: There was no plea agreement.
>
>    THE COURT: I ask her right now if she wants to appeal. You want to appeal this sentence, Ms. Maldonado? She's looking at her lawyer. Consult with your lawyer. Decide. Make a decision.
>
>    [There was a discussion off the record].
>
>    THE COURT: Do you wish to appeal this sentence?
>
>    DEFENDANT MALDONADO: No, Your Honor.
>
>    THE COURT: Anyone force you to make this decision?
>
>    DEFENDANT MALDONADO: No, Your Honor.
>
>    THE COURT: Have you discussed this with your attorney, Mr. Natale?
>
>    DEFENDANT MALDONADO: That is correct.
>
>    THE COURT: Are you happy with it?
>
>    DEFENDANT MALDONADO: That is correct.

(Id.). As is evident from the foregoing colloquy, the movant, under oath, stated that she discussed her appellate rights with her lawyer. Under these circumstances, the movant cannot establish either deficient performance or prejudice arising from counsel's failure to pursue this claim.

To the extent the movant argues she was denied effective assistance of counsel when her lawyer failed to file a direct appeal, this claim too, is without merit. When a defendant alleges that "counsel is ineffective for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the

other," the district court must engage in the following inquiry. First, determine whether counsel actually consulted with the defendant about an appeal. If so, counsel is only ineffective if he failed to file an appeal after being requested to do so. Roe v. Flores-Ortega, 120 S.Ct. 1029 (2000).

If counsel has not consulted with the defendant about the advantages and disadvantages of prosecuting a direct appeal, then a second question must be asked: whether counsel's failure to do so consult constitutes deficient performance. Id. at 33. Counsel's performance is deemed deficient when "there is reason to think either (1) that a rational defendant would want to appeal (for example when there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 34-35. The Court notes that a "highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea," but cautions that all relevant factors must be examined, and expects that in the "vast majority of the cases," courts will find "that counsel had a duty to consult with the defendant about an appeal." Id. at 35, 36.

Although the sentencing hearing transcripts clearly indicates counsel consulted with his client and she decided not to appeal her sentence, in an abundance of caution, the second prong of the Flores-Ortega test is addressed below.

There is nothing of record in this proceeding or the underlying criminal case to suggest that a rational defendant would have wanted to pursue an appeal or that there were non-frivolous grounds for an appeal, especially in light of the fact the movant received a sentence far below the guideline range. Under these

circumstances, there is little likelihood that she would have been successful had she raised the issues at sentencing or on appeal. She has not demonstrated that counsel rendered ineffective assistance with regard to the appeal.

## Evidentiary Hearing

Any request for evidentiary hearing with respect to the foregoing claims should be denied. A hearing is not required on patently frivolous claims or those which are based upon unsupported, generalizations or affirmatively contradicted by the record. See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), citing, Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979). As previously discussed in this report, the claims raised are unsupported by the record or without merit. Consequently, no evidentiary hearing is required.

## Conclusion

It is therefore recommended that this motion to vacate be dismissed as time-barred, or in the alternative be denied on the merits.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 6th date of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   Lohana Melissa Maldonado Diaz, Pro Se
      Reg. No. 79000-004
      FCI - Danbury
      Route 37
      Danbury, CT 06811

      Anne Ruth Schultz, AUSA
      United States Attorney's Office
      99 NE 4 Street
      Miami, FL 33132

      Aurora Fagan, AUSA
      United States Attorney's Office
      99 NE 4th Street
      Miami, FL 33132
```